**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
DANIELLE E. STIERNA, SB# 317156
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, SOLORA MEDICAL SUPPLIES, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SOLARA MEDICAL SUPPLIES DATA BREACH LITIGATION, , | CASE NO. 3:19-cv-02284-H-KSC – c/w 3:19-cv-02368-H-KSC, 3:19-cv-02423-H-KSC; 3:20-cv-00049-H-KSC <br><br> **ANSWER TO AMENDED CONSOLIDATED COMPLAINT** <br><br> The Hon. Hon. Marilyn L. Huff <br><br> Trial Date:    None Set |

Defendant Solara Medical Supplies, LLC ("Solara" or "Defendant"), answers the Amended Consolidated Class Action Complaint ("Complaint") as follows:

1.  Responding to paragraph 1, this defendant admits that cyber criminals gained access to a limited number of employee Office 365 email accounts, from April 2, 2019 to June 20, 2019, as a result of a phishing email campaign and admits that Solara is a supplier of medical devices for the care of individuals with diabetes and is a registered pharmacy. Except as expressly admitted the remaining averments are denied.

2.  Responding to paragraph 2, the personal information present in the employee Office 365 email accounts at the time of the incident varied by individual but may have included first and last names and one or more of the following data

elements: name, address, date of birth, Social Security number, Employee Identification Number, medical information, health insurance information, financial information, credit / debit card information, driver's license / state ID, passport information, password / PIN or account login information, billing / claims information, and Medicare ID / Medicaid ID. Solara denies that this personal information was taken and denies the remaining averments.

3. Responding to paragraphs 3, 4 and 5, these averments are denied.

4. Responding to paragraph 6, this defendant lacks information and belief as to why plaintiffs bring this putative class action lawsuit and denies this averment on that basis. This defendant denies that it was grossly negligent or reckless or caused harm to plaintiffs or the putative class and denies the remaining averments in this paragraph.

5. Responding to paragraphs 7 and 8, this defendant denies these averments.

6. Responding to paragraph 9, this defendant admits that plaintiffs seek the damages and other things alleged in the Complaint, but denies plaintiffs or the putative class is entitled to that recovery and denies the remaining averments in this paragraph.

7. Responding to paragraphs 10, 11, 12, 13, 14 and 15, this defendant lacks information and belief as to these averments and denies them on this basis.

8. Responding to paragraph 16, Solara admits that it is a California limited liability company with its principal place of business in Chula Vista, California, in San Diego County.

9. Responding to paragraph 17, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

10. Responding to paragraph 18, this defendant admits these averments.

11. Responding to paragraph 19, this defendant admits this Court has personal jurisdiction over Defendant. Except as expressly admitted the remaining averments are denied as no Class has been certified and the remaining averments are therefore not subject to determination.

12. Responding to paragraph 20, this defendant admits these averments.

13. Responding to paragraph 21, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth.  To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

14. Responding to paragraph 22, this defendant admits that it is a supplier of advanced diabetic devices, including continuous glucose monitors, insulin pumps and other supplies for patients

15. Responding to paragraph 23, this does not appear to aver facts but instead alleges legal conclusions to which no response is necessary. To the extent a response is required, these averments are denied.

16. Responding to paragraph 24, this defendant admits that on or around November 13, 2019, Solara issued a press release (the "Notice") providing a public notice of "an incident that may affect the security of some information relating to certain individuals associated with Solara including current and former patients and employees."  Except as expressly admitted, the remaining averments are denied.

17.  Responding to paragraph 25, this defendant admits that in the Notice, Solara notified consumers that on June 28, 2019 Solara "determined that an unknown actor gained access to a limited number of employee Office 365 accounts, from April 2, 2019 to June 20, 2019."  Except as expressly admitted, the remaining averments are denied.

18. Responding to paragraph 26, these averments are denied.

19. Responding to paragraph 27, this defendant admits that the Notice also states that on July 3, 2019, Solara determined that certain information present within the employee Office 365 accounts may have been accessed or acquired by an unknown actor at the time of the incident. Except as expressly admitted, the remaining averments are denied.

20. Responding to paragraph 28, these averments are denied.

21. Responding to paragraph 29, this defendant admits that the Notice states, in part:

> The personal information present in the accounts at the time of the incident varied by individual but may have included first and last names and one or more of the following data elements: name, address, date of birth, Social Security number, Employee Identification Number, medical information, health insurance information, financial information, credit / debit card information, driver's license / state ID, passport information, password / PIN or account login information, billing / claims information, and Medicare ID / Medicaid ID.

Except as expressly admitted, the remaining averments are denied.

22. Responding to paragraph 30, this defendant admits that some information in the Office 365 accounts referred to in the Notice was not encrypted. Except as expressly admitted, the remaining averments are denied.

23. Responding to paragraphs 31, 32, 33, 34, 35 and 36, these averments appear to principally be conclusions and contentions that require no response. To the extent this requires a response, they are denied.

24. Responding to paragraph 37, this defendant admits that Solara's Notice of Privacy Practices stated as of November 26, 2019, in part:

> Solara Medical Supplies . . . is committed to protecting your privacy and understands the importance of safeguarding your personal health information. We are required by federal law to maintain the privacy of

health information that identifies you or that could be used to identify you . . . .

Except as expressly admitted, the remaining averments are denied.

25. Responding to paragraph 38, Solara admits that Solara's Patient Bill of Rights states as of November 26, 2019, in part:

> The Client Bill of Rights is designed to recognize, promote, and protect, an individual's right to be treated with dignity and respect within the health care system. . . . As our client you have the right to . . . Confidentiality of your records and Solara Medical Supplies, LLC policy for accessing and disclosure of records.

Except as expressly admitted, the remaining averments are denied.

26. Responding to paragraph 39, 40, 41, 42, these paragraphs do not appear to aver facts but instead alleges legal conclusions to which no response is necessary. To the extent a response is required, these averments are denied.

27. Responding to paragraphs 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59 60, 61 and 62, these paragraphs do not appear to aver facts but instead allege legal conclusions and contentions, including partial quotes from regulations, to which no response is necessary. To the extent a response is required, these averments are denied.

28. Responding to paragraphs 63 and 64, these averments are denied.

29. Responding to paragraphs 65 and 66, this defendant lacks information and belief and denies these averments on that basis.

30. Responding to paragraph 67, this defendant admits that its email accounts include information that was not encrypted. Except as expressly admitted, the remaining averments are denied.

31. Responding to paragraph 68, these averments are denied.

32. Responding to paragraph 69, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no response is necessary. To the extent a response is required, these averments are denied.

33. Responding to paragraphs 70, 71, 72, 73 and 74, this defendant lacks information and belief as to these averments and denies them on this basis.

34. Responding to paragraph 75, these averments are denied.

35. Responding to paragraphs 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87 and 88, this defendant lacks information and belief as to these averments and denies them on this basis.

36. Responding to paragraph 89, 90, 91, 92, 93, 94, 95, 96 and 97 these averments are denied.

37. Responding to paragraphs 98, this defendant admits that Solara caused a letter to be sent a letter to Maldonado dated November 11, 2019, which states in part: "investigation determined that some of your personal information was present in an affected account at the time of the incident including your name, date of birth, medical Information, and health Insurance information. To date, we are unaware of any actual or attempted misuse of your personal information as a result of this incident."  A copy of the letter, with some information redacted, is attached to the Complaint as Exhibit 1. Except as expressly admitted, these averments are denied.

38. Responding to paragraph 99, this defendant lacks information and belief as to these averments and denies them on this basis.

39. Responding to paragraphs 100 and 101, these averments are denied

40. Responding to paragraph 102, this defendant lacks information and belief as to these averments and denies them on this basis.

41. Responding to paragraph 103, these averments are denied.

42. Responding to paragraph 104, this defendant admits that Solara caused a letter to be sent a letter to Bickford dated November 11, 2019, and that a copy of

the letter, with some information redacted, is attached to the Complaint as Exhibit 2. Except as expressly admitted, these averments are denied.

43. Responding to paragraphs 105, 106, 107, this defendant lacks information and belief as to these averments and denies them on this basis.

44. Responding to paragraphs 108 and 109, these averments are denied.

45. Responding to paragraph 110, Solara admits that Harris has received Solara medical devices. This defendant lacks information and belief as to the remaining averments and denies them on this basis.

46. Responding to paragraph 111, these averments are denied.

47. Responding to paragraph 112, this defendant admits that Solara caused a letter to be sent a letter to Harris dated November 11, 2019, and that a copy of the letter, with some information redacted, is attached to the Complaint as Exhibit 3. Except as expressly admitted, these averments are denied.

48. Responding to paragraph 113, these averments are denied.

49. Responding to paragraphs 114, 115, 116, 116, 118, 119, 120 and 121, this defendant lacks information and belief as to these averments and denies them on this basis.

50. Responding to paragraph 122, these averments are denied.

51. Responding to paragraph 123, this defendant admits that Solara caused a letter to be sent a letter to Mercado dated November 11, 2019, and that a copy of the letter, with some information redacted, is attached to the Complaint as Exhibit 4. Except as expressly admitted, these averments are denied.

52. Responding to paragraphs 124and 125, these averments are denied.

53. Responding to paragraph 126 and 127, this defendant lacks information and belief as to these averments and denies them on this basis.

54. Responding to paragraphs 128 and 129, these averments are denied.

55. Responding to paragraph 130, this defendant admits that Solara caused a letter to be sent a letter to Wardrop dated November 11, 2019, and that a copy of the letter, with some information redacted, is attached to the Complaint as Exhibit 5. Except as expressly admitted, these averments are denied.

56. Responding to paragraphs 131 and 132, these averments are denied.

57. Responding to paragraph 133 and 134, this defendant lacks information and belief as to these averments and denies them on this basis.

58. Responding to paragraphs 135 and 136, these averments are denied.

59. Responding to paragraph 137, this defendant admits that Solara caused a letter to be sent a letter to Parent or Guardian of a minor dated November 11, 2019, and that a copy of the letter, with some information redacted, is attached to the Complaint as Exhibit 6. Except as expressly admitted, these averments are denied.

60. Responding to paragraphs 138, 139 and 140, Solara admits that the minor who Solara believes is referred to in the Complaint as M.K. is a customer of Solara. Except as expressly admitted, the remaining averments are denied.

61. Responding to paragraph 141, this paragraph does not appear to aver facts but instead alleges legal conclusions or contentions to which no response is necessary. To the extent a response is required, these averments are denied.

62. Responding to paragraphs 142 and 143, Solara admits that its headquarters is in California and decisions surrounding its response to the security incident alleged in the Complaint were made in California. Except as expressly admitted, these averments are denied.

63. Responding to paragraph 144, these averments are denied.

64. Responding to paragraphs 145 and 146, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no responses are necessary. To the extent response is required, these averments are denied.

65. Responding to paragraph 147, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth.  To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

66. Responding to paragraphs 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158 and 159, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no responses are necessary. To the extent response is required, these averments are denied.

67. Responding to paragraph 160, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth.  To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

68. Responding to paragraph 161, 162 and 163, these averments are denied.

69. Responding to paragraphs 164- 180, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no responses are necessary. To the extent response is required, these averments are denied.

70. Responding to paragraphs 181, 182, 183 and 184, these averments are denied.

71. Responding to paragraph 185, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth.  To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

4840-7419-1804.1

9

3:19-cv-02284-H-KSC – c/w 3:19-cv-02368-H-KSC; 3:19-cv-02423-H-KSC; 3:20-cv-00049-H-KSC
ANSWER TO FIRST AMENDED CONSOLIDATED COMPLAINT

72. Responding to paragraph 186, Solara admits that it entered into contracts with some plaintiffs. Except as expressly admitted, the remaining averments are denied.

73. Responding to paragraphs 187, 188, 189, and 190, these averments are denied.

74. Responding to paragraph 191, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

75. Responding to paragraphs 192 – 199, these averments are denied.

76. Responding to paragraph 200, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

77. Responding to paragraphs 201 – 210, these averments are denied.

78. Responding to paragraph 211, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

79. Responding to paragraphs 212 – 218, these averments are denied.

80. Responding to paragraph 219, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

81. Responding to paragraphs 220 – 225, these averments are denied.

82. Responding to paragraph 226, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

83. Responding to paragraphs 227 – 233, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no responses are necessary. To the extent response is required, these averments are denied.

84. Responding to paragraphs 234 – 238, these averments are denied.

85. Responding to paragraph 239, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

86. Responding to paragraphs 240 – 246, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no responses are necessary. To the extent response is required, these averments are denied.

87. Responding to paragraph 247, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

88. Responding to paragraph 248 – 257, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no

responses are necessary. To the extent response is required, these averments are denied.

89. Responding to paragraph 258, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

90. Responding to paragraphs 259 – 276, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no responses are necessary. To the extent response is required, these averments are denied.

91. Responding to paragraph 277, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

92. Responding to paragraphs 278 - 287, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no responses are necessary. To the extent response is required, these averments are denied.

93. Responding to paragraph 288, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

94. Responding to paragraphs 289 – 296, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no

responses are necessary. To the extent response is required, these averments are denied.

95. Responding to paragraph 297, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

96. Responding to paragraphs 298 – 303, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no responses are necessary. To the extent response is required, these averments are denied.

97. Responding to paragraph 304, this defendant lacks information or belief as to the averments that Harris, was subjected to a barrage of spam calls without knowing how they were able to know the private details of his Personal and Medical Information and that this resulted in significant distress and anxiety, and denies these averments on this basis. Except as expressly admitted, the remaining averments are denied.

98. Responding to paragraphs 305 - 310, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no responses are necessary. To the extent response is required, these averments are denied.

99. Responding to paragraph 311, this paragraph does not contain any new averments of fact and instead incorporates by reference all allegations of the preceding paragraphs as though fully set forth. To the extent a response is required, this defendant incorporates by reference its responses those allegations as though fully set forth.

100. Responding to paragraphs 312 - 320, these paragraphs do not appear to aver facts but instead alleges legal conclusions or contentions to which no

responses are necessary. To the extent response is required, these averments are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state any claim against Solara upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Some or all of plaintiff's claims for damages or other relief under consumer protection statutes are barred because plaintiffs and/or putative class members did not provide adequate notice or pre-suit notice.

### THIRD AFFIRMATIVE DEFENSE

3. The asserted claims are barred to the extent plaintiffs and putative class members did not sustain any legal injury.

### FOURTH AFFIRMATIVE DEFENSE

4. The claims for economic loss in tort are barred by the economic loss doctrine.

### FIFTH AFFIRMATIVE DEFENSE

5. Any claim for damages, restitution, or other monetary recovery by plaintiffs or on behalf of persons claimed to be members of the purported classes must be offset and reduced by products or services received but not paid for.

### SIXTH AFFIRMATIVE DEFENSE

6. The claims alleging breach of privacy, breach of confidentiality, breach of an implied or express promise to keep information private or confidential and similar claims, including but not limited to statutory claims such as the alleged violation of California's Confidentiality of Medical Information Act, Cal. Civil Code § 56 et seq. or other statutes, are barred against those Plaintiffs and putative class members who waived any alleged confidentiality or privacy regarding their medical or personal information by disclosing to third parties the nature, details,

and/or substance of their medical treatment, medical condition, medical products received or used.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' and putative class members' damages or losses, if any, are speculative and/or uncertain, and therefore, not compensable.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs and putative class members may be barred, in whole or in part, from recovery because they have made statements or taken actions which estop them from asserting their claims.

### NINTH AFFIRMATIVE DEFENSE

9. To the extent plaintiffs or putative class members have alleged any damage, the sole and proximate cause of the alleged damage sustained by plaintiffs or the putative classes results from the actions, inactions or negligence, in whole or in part, of persons other than Solara for whose actions, inactions or negligence, in whole or in part, Solara is in no way liable. Plaintiffs and the putative classes are not, therefore, entitled to recover from Solara in this action.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs and putative class members may be barred from recovery, in whole or in part, due to the intervening cause of another party.

### ELEVENTH AFFIRMATIVE DEFENSE

11. If the court grants class certification and/or otherwise aggregates claims of multiple persons, it will violate the Due Process clause of the United States Constitution and/or the California Constitution if the court adopts rules or procedures and/or standards of proof that allow for relaxed rules regarding what each plaintiff and/or the putative class must prove to establish liability, damages or entitlement to any other relief. Similarly, it will violate this Defendant's constitutional rights if the court adopts presumptions and/or inferences that, in effect, shift burdens to this Defendant, which it would not face if each plaintiff

/putative class member were required to individually file suit and prove their claim and/or allows proof of claims via "statistical evidence" that effectively eliminates the obligation of each plaintiff and putative class member to prove their claim. The process of handling claims of a class or other aggregation cannot authorize, without violating the United States and California constitutions, the taking of this defendant's money or property where this defendant would have no liability if faced only with individual actions offering the same proof.

### TWELVTH AFFIRMATIVE DEFENSE

12. If the court grants class certification and aggregates the claims of Plaintiffs and the putative class, the result would be an unconstitutionally excessive imposition of damages in violation of the Due Process clause of the United States Constitution and/or the California Constitution; therefore, the Complaint cannot proceed as a class action. The aggregate damages requested by Plaintiffs would not be proportionate to Defendant's alleged culpability, the relationship between the harm alleged and the penalty, the penalties imposed in similar statutes, and Defendant's ability to pay. Furthermore, Plaintiffs' requested aggregate damages are unconstitutionally excessive in light of Defendant's conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. In the event Defendant is subject to an award of noneconomic damages in this action, the total award is capped at $250,000 pursuant to California Civil Code § 3333.2.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. In the event Defendant is subject to an award of nominal damages pursuant to California Civil Code § 56.36, the total award is capped at $1,000 in this action pursuant to California Civil Code § 56.36(b)(1).

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The claims of plaintiffs and the putative classes are barred to the extent they have failed to mitigate damages.

4840-7419-1804.1                                    16            3:19-cv-02284-H-KSC – c/w 3:19-cv-02368-H-KSC,
                                                                 3:19-cv-02423-H-KSC; 3:20-cv-00049-H-KSC
ANSWER TO FIRST AMENDED CONSOLIDATED COMPLAINT

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The claims of plaintiffs and/or putative classes are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, and/or other similar doctrines.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The claims of plaintiffs and/or members of the putative classes are barred, in whole or in part, to the extent they have released those claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. The claims of plaintiffs and/or members of the putative classes may be barred from recovery, in whole or in part, because, in this or other courts, they have brought actions and have received judgments, on parts of some or all claims asserted herein.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Solara presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses that govern the claims asserted by plaintiffs and on behalf of persons claimed to be members of the purported classes. Solara reserves the right to assert additional affirmative defenses as appropriate

**WHEREFORE,** this defendant prays that plaintiffs take nothing by their Complaint, that this Court declines to issue an order certifying this action as a class action, that this Court declines to issue an order providing for injunctive or other equitable relief, that this Court enters judgment in favor of Defendant, including for all recoverable fees, costs and expenses, and grant such other and further relief as the Court deems appropriate.

| | |
|---|---|
| DATE: May 26, 2020 | JON P. KARDASSAKIS<br>DANIELLE E. STIERNA<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br><br>By: *[signature: Jon Kardassakis]*<br>Jon P. Kardassakis<br>Attorneys for Defendant, SOLORA MEDICAL SUPPLIES, LLC |

# FEDERAL COURT PROOF OF SERVICE

In Re: Solara Medical Supplies (Data Breach Litigation) –
Case No. 3:19-cv-02284-H-KSC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 26, 2020, I served the following document(s): ANSWER TO AMENDED CONSOLIDATED COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

- **Dorothy P. Antullis**
  dantullis@rgrdlaw.com,ppuerto@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com
- **Bradley M. Beall**
  bbeall@rgrdlaw.com
- **Stuart A. Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com,sdavidson@ecf.courtdrive.com
- **Cornelius Pellman Dukelow**
  cdukelow@abingtonlaw.com
- **William B. Federman**
  wbf@federmanlaw.com,law@federmanlaw.com
- **Christopher C. Gold**
  cgold@rgrdlaw.com,ppuerto@rgrdlaw.com
- **Robert S Green**
  gnecf@classcounsel.com
- **Kelly Kathleen Iverson**
  kiverson@carlsonlynch.com
- **Rachel L. Jensen**
  rachelj@rgrdlaw.com
- **James Robert Noblin**
  gnecf@classcounsel.com
- **William M. Sweetnam**
  wms@sweetnamllc.com
- **Eric D. Zard**
  ezard@carlsonlynch.com,mrobalino@carlsonlynch.com,bcarlson@carlsonlynch.com,ktucker@carlsonlynch.com,dhart@carlsonlynch.com

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically

4840-7419-1804.1
3:19-cv-02284-H-KSC – c/w 3:19-cv-02368-H-KSC,
3:19-cv-02423-H-KSC; 3:20-cv-00049-H-KSC
ANSWER TO AMENDED CONSOLIDATED COMPLAINT

filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 26, 2020, at Los Angeles, California.

/s/ Carl Kinnison
Carl Kinnison

4840-7419-1804.1

3:19-cv-02284-H-KSC – c/w 3:19-cv-02368-H-KSC,
3:19-cv-02423-H-KSC; 3:20-cv-00049-H-KSC
ANSWER TO AMENDED CONSOLIDATED COMPLAINT