1
2
3
4
5           UNITED STATES DISTRICT COURT
6          SOUTHERN DISTRICT OF CALIFORNIA
7

| | |
|---|---|
| 8  IN RE SOLARA MEDICAL SUPPLIES<br>DATA BREACH LITIGATION, | CASE NO. 3:19-cv-02284-H-KSC –<br>c/w 3:19-cv-02368-H-KSC, 3:19-cv-<br>02423-H-KSC; 3:20-cv-00049-H-KSC |
| 9 | |
| 10 | **STIPULATED PROTECTIVE ORDER** |
| 11 | The Hon. Marilyn L. Huff |
| 12 | Trial Date:      None Set |
| 13 | |

14  <u>**PURPOSES AND LIMITATIONS**</u>

15        The Court recognizes that the disclosures and discovery activity in this action

16  require confidentiality protections. The Parties have agreed to be bound by the terms

17  of this Protective Order in this action.

18        The materials to be exchanged throughout the course of the litigation between

19  the Parties, and produced by Non-Parties, may involve production of confidential,

20  trade secret, proprietary, or private information, for which special protection from

21  public disclosure and from use for any purpose other than prosecuting this litigation

22  may be warranted, as is contemplated by Federal Rule of Civil Procedure 26(c).

23  Moreover, the information likely to be the subject of the disclosure and discovery

24  activity in this action involves unique risks related to privacy, data security, data

25  governance and data management that will likely be greater than in most cases. It

26  may also contain Plaintiffs' or others' confidential,' protected health information.

27

28

Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

**DEFINITIONS**

1.     "Challenging Party" will mean a Party or Non-Party that challenges the designation of information or items under this Order."

2.     "CONFIDENTIAL" means information that is potentially prejudicial to a Party and that qualifies for protection under Federal Rule of Civil Procedure 26(c).

3.     "CONFIDENTIAL - FOR COUNSEL ONLY" Information means "Confidential Information" the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including, but not limited to, highly sensitive and competitive technical information and trade secret information.

4.     "CONFIDENTIAL HEALTH INFORMATION" means Plaintiffs' or others' sensitive personal health information ("CONFIDENTIAL HEALTH INFORMATION"), and is intended to encompass health information protected by state or federal law, including, but not limited to, Plaintiffs' or others' Protected Health Information as defined below. CONFIDENTIAL HEALTH INFORMATION shall be subject to the terms of this Order.

(a)     Protected Health Information. Protected Health Information, as used herein, has the same scope and definition as set forth in 45 C.F.R. § 160.103 and incorporates the definition of Medical Information provided by California Civil Code section 56.05(j). Without limiting the generality of the foregoing,

Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member, to the extent it is linked to Protected Health Information as defined in 45 C.F.R. § 160.103:

1. names;

2. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

3. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

4. telephone numbers;

5. fax numbers;

6. electronic mail addresses;

7. social security numbers;

8. medical record numbers;

9.      health plan beneficiary numbers;

10.     account numbers;

11.     certificate/license numbers;

12.     vehicle identifiers and serial numbers, including license plate numbers;

13.     device identifiers and serial numbers;

14.     web universal resource locators ("URLs");

15.     internet protocol ("IP") address numbers;

16.     biometric identifiers, including finger and voice prints;

17.     face photographic images and any comparable images;

18.     any other unique identifying number, characteristic, or code; and

19.     any other information that the producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

5.      "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential by any Party to which it belongs and that qualifies for protection under the Federal Rule of Civil Procedure 26(c).

6.      "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Lewis Brisbois Bisgaard & Smith, LLP; Federman & Sherwood; Robbins Geller Rudman & Dowd, LLP; Keogh Law, Ltd.; Abington Cole + Ellery; Green & Noblin, P.C.; Carlson Lynch, LLP; "Counsel" also includes  in-house attorneys for Defendant.

1    7.    "Designating Party" will mean a Party or Non-Party that designates

2    information or items that it produces in disclosures or in responses to discovery as

3    "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" or

4    "HIGHLY CONFIDENTIAL – CYBER SECURITY" or "CONFIDENTIAL

5    HEALTH INFORMATION."

6    8.    "Expert" will mean a person with specialized knowledge or experience

7    in a matter pertinent to the litigation who (1) has been retained by a Party or its

8    Counsel to serve as an expert witness or as a consultant in this action, and (2) is not

9    a past or current employee of Solara or a past (since January 1, 2010) or current

10    employee of another Party.

11    9.    "HIGHLY CONFIDENTIAL – CYBER SECURITY" Information

12    means "Confidential Information" representing internet security protocols, network

13    security protocols, hardware and software systems used in the design and

14    implementation of the cyber security system, intrusion detection software, policies

15    and procedures relating to cyber security, specifications, or schematics that define or

16    otherwise describe in detail the structure of software or hardware, disclosure of

17    which to another Party or Non-Party would create a substantial risk of serious harm

18    that could not be avoided by less restrictive means.

19    10.    "House Counsel" will mean attorneys who are employees of a Party.

20    House Counsel does not include Outside Counsel of Record or any other outside

21    counsel.

22    11.    "Material(s)" will include, but is not to be limited to: documents;

23    correspondence; memoranda; bulletins; blueprints; diagrams; specifications;

24    customer lists or other material that identify customers or potential customers; price

25    lists or schedules or other matter identifying pricing; minutes; telegrams; letters;

26    electronic mail and attachments; statements; cancelled checks; contracts; invoices;

27    drafts; books of account; worksheets; notes of conversations; desk diaries;

28

1  appointment books; expense accounts; recordings; photographs; motion pictures;

2  compilations from which information can be obtained and translated into reasonably

3  usable form through detection devices; sketches; drawings; notes (including

4  laboratory notebooks and records); reports; instructions; disclosures; other writings;

5  models and prototypes and other physical objects.

6      12.    "Non-Party" will mean any natural person, partnership, corporation,

7  association, or other legal entity not named as a Party to this action.

8      13.    "Outside Counsel of Record" will mean attorneys who are not

9  employees of a Party but are retained to represent or advise a Party and have

10  appeared in this action on behalf of that Party or are affiliated with a law firm which

11  has appeared on behalf of that Party.

12      14.    "Party" will mean any party to this action, including all of its officers,

13  directors, employees, consultants, retained Experts, and Outside Counsel of Record

14  (and their support staffs).

15      15.    "Producing Party" will mean a Party or Non-Party that produces

16  Disclosure or Discovery Material in this action.

17      16.    "Professional Vendors" will mean persons or entities that provide

18  litigation support services (e.g., document and ESI processing, hosting, review, and

19  production, photocopying, videotaping, translating, preparing exhibits or

20  demonstrations, e-discovery consulting, and organizing, storing, or retrieving data in

21  any form or medium) and their employees and subcontractors.

22      17.    "Protected Material" will mean any Disclosure or Discovery Material

23  that is designated as "CONFIDENTIAL," or as "CONFIDENTIAL - FOR

24  COUNSEL ONLY," or as "HIGHLY CONFIDENTIAL – CYBER SECURITY" or

25  as "CONFIDENTIAL HEALTH INFORMATION."

26      18.    "Receiving Party" will mean a Party that receives Disclosure or

27  Discovery Material from a Producing Party.

28

**GENERAL RULES**

**SCOPE**

19.     The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all hard and electronic copies, excerpts, derivations, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, excluding any information that came into the public domain as a result of a violation of law or of this Order, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise, excluding any information that came into the public domain as a result of a violation of law or of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

20.     Any use of Protected Material at trial shall be governed by a separate agreement or order.

**DURATION**

21.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

1  including the time limits for filing any motions or applications for extension of time

2  pursuant to applicable law.

3      **DESIGNATING PROTECTED MATERIAL**

4      22.     Each Party or Non-Party that produces or discloses any materials,

5  answers to interrogatories, responses to requests for admission, trial testimony,

6  deposition testimony, and transcripts of trial testimony and depositions, or

7  information that the Producing Party reasonably believes, in good faith, should be

8  subject to this Protective Order may designate the same as "CONFIDENTIAL" or

9  "CONFIDENTIAL - FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL –

10 CYBER SECURITY" or "CONFIDENTIAL HEALTH INFORMATION," as

11 appropriate.

12     23.     In the event the Producing Party elects to produce materials for

13 inspection, no marking need be made by the Producing Party in advance of the

14 initial inspection. For purposes of the initial inspection, all materials produced will

15 be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be

16 treated as such pursuant to the terms of this Order. Thereafter, upon selection of

17 specified materials for copying by the inspecting party, the Producing Party must,

18 within a reasonable time prior to producing those materials to the inspecting party,

19 determine which documents, or portions thereof, qualify for protection under this

20 Order. Then, before producing the specified documents, the Producing Party must

21 affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL - FOR

22 COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – CYBER SECURITY" or

23 "CONFIDENTIAL HEALTH INFORMATION") to each page that contains

24 Protected Material. If only a portion or portions of the material on a page qualifies

25 for protection, the Producing Party also must clearly identify the protected portion(s)

26 (e.g., by making appropriate markings in the margins) and must specify, for each

27 portion, the level of protection being asserted. If the document produced does not

28

1    have traditional pages, such as a video or other media format, the document name

2    shall incorporate the appropriate legend.

3       24.    Whenever a deposition taken on behalf of any Party involves a

4    disclosure of Confidential Information of any Party:

5       a.    the deposition or portions of the deposition must be designated as

6    containing Confidential Information subject to the provisions of this Order;

7    such designation must be made on the record whenever possible, but a Party

8    may designate portions of depositions as containing Confidential Information

9    after transcription of the proceedings; [A] Party will have until thirty (30)

10    days after receipt of the deposition transcript to inform the other Party or

11    Parties to the action of the portions of the transcript to be designated

12    "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" or

13    "HIGHLY CONFIDENTIAL – CYBER SECURITY" or "CONFIDENTIAL

14    HEALTH INFORMATION."

15       b.    the Disclosing Party will have the right to exclude from attendance at

16    the deposition, during such time as the Confidential Information is to be

17    disclosed, any person other than the deponent, Counsel (including their staff

18    and associates), the court reporter, and the person(s) agreed upon pursuant to

19    paragraphs 26 and 27 below; and

20       c.    the originals of the deposition transcripts and all copies of the

21    deposition must bear the legend "CONFIDENTIAL," or "CONFIDENTIAL -

22    FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – CYBER

23    SECURITY," or "CONFIDENTIAL HEALTH INFORMATION" as

24    appropriate, and the original or any copy ultimately presented to a court for

25    filing must not be filed unless it can be accomplished under seal, identified as

26    being subject to this Order, and protected from being opened except by order

27    of this Court.

28

25.     All confidential information designated as "CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – CYBER SECURITY," or "CONFIDENTIAL HEALTH INFORMATION" must not be disclosed by the Receiving Party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

26.     Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – CYBER SECURITY" or "CONFIDENTIAL HEALTH INFORMATION" must be viewed only by the individuals listed below, and such information must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation:

a.     Counsel for the Parties, including all partners and associate attorneys of such counsel's law firms who are involved in litigating the Action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the parties in the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

b.     Experts, including associated personnel necessary to assist experts in the Action to whom disclosure is reasonably necessary, who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

c.     Court personnel, including employees, judges, magistrates, secretaries, special masters appointed in this Action, stenographic reporters, staff,

Case No. 3:19-cv-02284-H-KSC – c/w 3:19-cv-02368-H-KSC, 3:19-cv-02423-H-KSC; 3:20-cv-00049-H-KSC

1    transcribers and all other personnel necessary to assist the Court in its

2    function, and the jury;

3    d.      Persons from whom deposition testimony is taken or is scheduled to be

4    taken in the Action, provided that Counsel who wishes to disclose such

5    Protected Material to the witness: (1) determines, in good faith, that such

6    disclosure is reasonably necessary and appropriate to assist in the conduct of

7    this action, (2) has reason to believe that the witness has knowledge of the

8    information contained in the document; and (3) provides advance notice to the

9    Producing Party of no less than 48 hours in advance of the scheduled

10   commencement of the deposition of the witness to whom Protected Material

11   is proposed to be disclosed so that the witness may execute the

12   Acknowledgment and Agreement to Be Bound (Exhibit A).  If the Producing

13   Party objects to the disclosure of Protected Material to the witness, the

14   Producing Party shall so advise Counsel who proposes to disclose Protected

15   Material to the witness, and those Parties shall meet and confer with respect

16   to the proposed disclosure.  The use of the information during the deposition

17   shall be subject to the terms set forth in this Order;

18   e.      Professional Vendors who have signed the Acknowledgment and

19   Agreement to Be Bound (Exhibit A);

20   f.      Special masters, mediators, or arbitrators, including their necessary

21   staff, engaged by the Parties or appointed in the action by the Court for

22   settlement purposes, who have signed the Acknowledgment and Agreement

23   to Be Bound (Exhibit A); and

24   g.      Any person as may be authorized by written agreement of the

25   Producing Party or by order of the Court.

26   27.    Information designated "CONFIDENTIAL" must be viewed only by

27   the individuals listed below:

28

Case No. 3:19-cv-02284-H-KSC – c/w 3:19-cv-
02368-H-KSC, 3:19-cv-02423-H-KSC; 3:20-cv-
00049-H-KSC

11

a.      Counsel for the Parties, including all partners and associate attorneys of such counsel's law firms who are involved in litigating the Action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the parties in the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

b.      Experts, including associated personnel necessary to assist experts in the Action to whom disclosure is reasonably necessary, who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

c.      Court personnel, including employees, judges, magistrates, secretaries, special masters appointed in this Action, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

d.      Executives who are required to participate in policy decisions with reference to this action;

e.      Professional Vendors who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

f.      Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action, who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

g.      The Parties, including House Counsel and any director, officer, or employee involved in the prosecution or defense of this action for Parties which are not natural persons;

h.     Persons from whom deposition testimony is taken or is scheduled to be taken in the Action, provided that counsel who discloses Protected Material to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action, and subject to the terms set forth in this Order;

i.     Special masters, mediators, or arbitrators, including their necessary staff, engaged by the Parties or appointed in the action by the Court for settlement purposes, who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

j.     Stenographic and clerical employees associated with the individuals identified above; and

k.     Any person as may be authorized by written agreement of the Producing Party, verbal agreement of the Producing Party on the record at a deposition or Court hearing, or by order of the Court.

28.     With respect to material designated "CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – CYBER SECURITY," or "CONFIDENTIAL HEALTH INFORMATION" any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

29.     All information which has been designated as "CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – CYBER SECURITY," or "CONFIDENTIAL HEALTH INFORMATION" by the Producing or Disclosing Party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the Receiving Party, including Counsel's Professional Vendors, except that Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

**FILING OF PROTECTED MATERIAL**

30.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the Party seeking to file such material must seek permission of the Court to file the material under seal.

31.     Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected Party with appropriate notice to opposing counsel. The Parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

**CHALLENGING OF CONFIDENTIALITY DESIGNATIONS**

32.     At any stage of these proceedings, any Party may object to a designation of the materials as Confidential Information. The Challenging Party objecting to confidentiality must notify, in writing, Counsel for the Designating Party of the objected-to materials and the grounds for the objection. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the dispute is not resolved consensually between the Parties within fourteen (14) days of receipt of such a notice of objections, the Challenging Party may move the Court for a ruling on the objection. The materials

1   at issue must be treated as Confidential Information, as designated by the

2   designating party, until the Court has ruled on the objection or the matter has been

3   otherwise resolved.  The Designating Party bears the burden of establishing the

4   confidentiality of any designated material.

5         **ACCESS TO AND USE OF PROTECTED MATERIAL**

6       33.    All Confidential Information must be held in confidence by those

7   inspecting or receiving it, and must be used only for purposes of this action, unless

8   otherwise agreed by the Parties in writing or ordered by the Court. Counsel for each

9   Party, and each person receiving Confidential Information, must take reasonable

10  precautions to prevent the unauthorized or inadvertent disclosure of such

11  information. If Confidential Information is disclosed to any person other than a

12  person authorized by this Order, the Party responsible for the unauthorized

13  disclosure must immediately bring all pertinent facts relating to the unauthorized

14  disclosure to the attention of the other Parties and, without prejudice to any rights

15  and remedies of the other Parties, make every effort to prevent further disclosure by

16  the Party and by the person(s) receiving the unauthorized disclosure.

17      34.    No Party will be responsible to another Party for disclosure of

18  Confidential Information under this Order if the information in question is not

19  labeled or otherwise identified as such in accordance with this Order.

20      35.    If a Party, through inadvertence, produces any Confidential

21  Information without labeling or marking or otherwise designating it as such in

22  accordance with this Order, the Designating Party may give written notice to the

23  Receiving Party that the document or thing produced is deemed Confidential

24  Information, and that the document or thing produced should be treated as such in

25  accordance with that designation under this Order. The Receiving Party must treat

26  the materials as confidential once the Designating Party so notifies the receiving

27  party. If the Receiving Party has disclosed the materials before receiving the

28

designation, the Receiving Party must notify the Designating Party in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – CYBER SECURITY," or "CONFIDENTIAL HEALTH INFORMATION" - SUBJECT TO PROTECTIVE ORDER.

36.    <u>HIGHLY CONFIDENTIAL - CYBER SECURITY</u> – The Receiving Party shall maintain a record of any individual who has inspected any portion of the HIGHLY CONFIDENTIAL - CYBER SECURITY in any form, including electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the HIGHLY CONFIDENTIAL - CYBER SECURITY in a secured area. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

37.    <u>CONFIDENTIAL HEALTH INFORMATION</u> – The Parties seek to ensure that any person who receives and stores CONFIDENTIAL HEALTH INFORMATION in connection with this action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any CONFIDENTIAL HEALTH INFORMATION, and to prevent unpermitted use or disclosure of any CONFIDENTIAL HEALTH INFORMATION they may receive from any person in connection with this Proceeding. The Parties agree that this Stipulated Protective Order will constitute a Qualified Protective Order under 45 C.F.R. §164.512(e),

Case No. 3:19-cv-02284-H-KSC – c/w 3:19-cv-02368-H-KSC, 3:19-cv-02423-H-KSC; 3:20-cv-00049-H-KSC

1  whereby the order (a) prohibits the Receiving Parties from using or disclosing

2  information designated as "CONFIDENTIAL HEALTH INFORMATION" for any

3  purpose other than this Action; and (b) requires the return to the covered entity or

4  destruction (i.e., for electronically stored information, deletion from all databases,

5  applications, and file systems so that the information is not accessible without the

6  use of specialized tools or techniques typically used by a forensic expert) of

7  information designated as "CONFIDENTIAL HEALTH INFORMATION"

8  (including all copies made) at the end of the litigation or proceeding.

9  **MISCELLANEOUS**

10  38.  All documents produced in this action, including, but not limited to,

11  documents designated as "CONFIDENTIAL," "CONFIDENTIAL – FOR

12  COUNSEL ONLY," "HIGHLY CONFIDENTIAL – CYBER SECURITY," and

13  "CONFIDENTIAL HEALTH INFORMATION" under this Order, that is not also

14  available or found in the public domain, shall be used only for the purposes of this

15  action, and not for any other business, competitive, personal, private, public, or

16  other purpose whatsoever, unless permitted by Court order; provided, however, that

17  the provisions of this Order cease to apply once any documents are filed on the

18  Court's public docket in this action.

19  39.  Nothing within this Order will prejudice the right of any Party to object

20  to the production of any discovery material on the grounds that the material is

21  protected as privileged or as attorney work product.

22  40.  Nothing in this Order will bar Counsel from rendering advice to their

23  clients with respect to this litigation and, in the course thereof, relying upon any

24  information designated as Confidential Information, provided that the contents of

25  the information must not be disclosed.

26  41.  This Order will be without prejudice to the right of any Party to oppose

27  production of any information for lack of relevance or any other ground other than

28

1    the mere presence of Confidential Information. The existence of this Order must not

2    be used by either Party as a basis for discovery that is otherwise improper under the

3    Federal Rules of Civil Procedure.

4        42.    Nothing within this order will be construed to prevent disclosure of

5    Confidential Information if such disclosure is required by law or by order of the

6    Court.

7        43.    Upon final termination of this action, including any and all appeals,

8    Counsel for each Party must, upon request of the Producing Party, return all

9    Confidential Information to the Party that produced the information, including any

10   copies, excerpts, and summaries of that information, or must destroy same at the

11   option of the Receiving Party, and must purge all such information from all

12   machine-readable media on which it resides. Notwithstanding the foregoing,

13   Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and

14   other documents filed with the Court that refer to or incorporate Confidential

15   Information, and will continue to be bound by this Order with respect to all such

16   retained information. Further, attorney work product materials that contain

17   Confidential Information need not be destroyed, but, if they are not destroyed, the

18   person in possession of the attorney work product will continue to be bound by this

19   Order with respect to all such retained information.

20       44.    The restrictions and obligations set forth within this order will not

21   apply to any information that: (a) the Parties agree should not be designated as

22   Confidential Information; (b) the Parties agree, or the Court rules, is already public

23   knowledge; (c) the Parties agree, or the Court rules, has become public knowledge

24   other than as a result of disclosure by the Receiving Party, its employees, or its

25   agents in violation of this Order; or (d) has come or will come into the Receiving

26   Party's legitimate knowledge independently of the production by the Designating

27   Party. Prior knowledge must be established by pre-production documentation.

28

45. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

46. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

47. This Order may be modified by agreement of the Parties, subject to approval by the Court.

48. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice or for public policy reasons, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Dated: August 14, 2020

Hon. Karen S. Crawford
United States Magistrate Judge

AGREED AND STIPULATED TO BY:

DATED: August 14, 2020

ROBBINS GELLER RUDMAN
 & DOWD LLP
STUART A. DAVIDSON*
CHRISTOPHER C. GOLD*
DOROTHY P. ANTULLIS*
BRADLEY M. BEALL*

s/ Stuart A. Davidson
STUART A. DAVIDSON

Case No. 3:19-cv-02284-H-KSC – c/w 3:19-cv-
02368-H-KSC, 3:19-cv-02423-H-KSC; 3:20-cv-
00049-H-KSC
19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com
dantullis@rgrdlaw.com
bbeall@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
racheli@rgrdlaw.com

FEDERMAN & SHERWOOD
WILLIAM B. FEDERMAN*
10205 N. Pennsylvania Avenue
Oklahoma City, OK  73120
Telephone:  405/235-1560
405/239-2112 (fax)
WBF@federmanlaw.com

Interim Co-Lead Counsel for Plaintiffs

SWEETNAM LLC
WILLIAM M. SWEETNAM*
53 West Jackson Blvd., Suite 1440
Chicago, IL  60604
Telephone:  312/757-1888
312/754-8090 (fax)
wms@sweetnamllc.com

ABINGTON COLE + ELLERY
CORNELIUS P. DUKELOW*
320 South Boston Avenue, Suite 1130
Tulsa, OK  74103
Telephone:  918/588-3400
cdukelow@abingtonlaw.com

GREEN & NOBLIN, P.C.
JAMES R. NOBLIN
4500 E. Pacific Coast Highway, 4th Floor
Long Beach, CA  90804
Telephone:  562/391-2487
415/477-6710 (fax)
gn@classcounsel.com

Case No. 3:19-cv-02284-H-KSC – c/w 3:19-cv-
02368-H-KSC, 3:19-cv-02423-H-KSC; 3:20-cv-
00049-H-KSC
20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREEN & NOBLIN, P.C.
ROBERT S. GREEN
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: 415/477-6700
415/477-6710 (fax)
gn@classcounsel.com

CARLSON LYNCH LLP
KELLY K. IVERSON*
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412/322-9243
412/231-0246 (fax)
kiverson@carlsonlynch.com

Interim Class Counsel for Plaintiffs

*Admitted *pro hac vice*

DATED: August 14, 2020

LEWIS BRISBOIS BISGAARD & SMITH LLP

JON P. KARDASSAKIS, SB# 90602
DANIELLE E. STIERNA. SB#317156

*s/ Jon P. Kardassakis*

Jon P. Kardassakis

633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213/250-1800
213/250-7900 (fax)
Jon.Kardassakis@lewisbrisbois.com
Danielle.Stierna@lewisbrisbois.com

Attorneys for Defendant

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____ [print

or type full address], declare under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order ("Order") that was issued by the

United States District Court for the Southern District of California on [date] in the

case of In re Solara Medical Supplies Data Breach Litigation, Case No. 3:19-cv-

02284-H-KSC – c/w 3:19-cv-02368-H-KSC, 3:19-cv-02423-H-KSC; 3:20-cv-

00049-H-KSC.

I agree to comply with and to be bound by all the terms of the Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to the Order to any

person or entity except in strict compliance with the provisions of the Order.

I will access and review Protected Material that may be provided to me solely

for the purpose of my role in assisting with prosecuting, defending, or attempting to

settle this litigation or to comply with judicial process or any applicable statute or

regulation and for no other purpose whatsoever. I further agree not to disclose any

Protected Material except as allowed by the terms of the Order. I will only make

such copies of or notes concerning the Protected Material as are necessary to assist

with prosecuting, defending, or attempting to settle this litigation or to comply with

judicial process or any applicable statute or regulation in connection with this

action. Upon final determination of this action, I shall promptly and securely destroy

or delete all Protected Material provided to me as well as any hard and electronic

copies, abstracts, derivations, compilations, summaries, and any other format

reproducing or capturing any of the Protected Material. I understand that my

1  obligations pertaining to the Protected Material continue event after the conclusion
2  of the action.

3      I understand and agree that all CONFIDENTIAL HEALTH
4  INFORMATION, as defined in the Order, is subject to state and federal statutory
5  and regulatory privacy and security standards, including but not limited to the
6  Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health
7  Information Technology for Economic and Clinical Health Act of 2009 (the
8  "HITECH Act"), and regulations adopted thereunder by the U.S. Department of
9  Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA
10  Rules").

11      By executing this Acknowledgement and Agreement to be Bound, I agree that
12  I will only use or disclose any Confidential Health Information in connection with
13  this case for prosecuting, defending, or attempting to settle this litigation or to
14  comply with judicial process or any applicable statute or regulation. I also agree that
15  I will develop, implement, maintain, and use appropriate administrative, technical
16  and physical safeguards to preserve the privacy, integrity, and confidentiality of any
17  CONFIDENTIAL HEALTH INFORMATION, and to prevent non-permitted use or
18  disclosure of any CONFIDENTIAL HEALTH INFORMATION I receive from any
19  person in connection with this case.

20      I further agree to submit to the jurisdiction of the United States District Court
21  for the Southern District of California for the purpose of enforcing the terms of the
22  Order, even if such enforcement proceedings occur after termination of this action.

23      Date: _____

24      City and State: _____

25      Printed name: _____

26      Signature: _____

27

28